**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4384**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY CALDELL STANBACK,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:19-cr-00453-TDS-3)

Submitted:  October 28, 2021                     Decided:  November 22, 2021

Before WILKINSON, NIEMEYER, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stacey D. Rubain, QUANDER & RUBAIN, PA, Winston-Salem, North Carolina, for Appellant.  Tanner Lawrence Kroeger, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Caldell Stanback appeals from his conviction and 120-month sentence entered pursuant to his guilty plea to discharging a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), finding no meritorious grounds for appeal but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Stanback's guilty plea and whether Stanback's sentence is procedurally and substantively reasonable. Stanback was notified of his right to file a pro se supplemental brief, but he did not do so. The Government declined to file a responsive brief. After an examination of the record in accordance with *Anders*, we affirm.

Because Stanback did not move in the district court to withdraw his guilty plea, we review the acceptance of his guilty plea for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). To establish plain error, Stanback must establish that "(1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). In the guilty plea context, a defendant meets his burden to establish that a plain error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the district court's Rule 11 omissions. *United States v. Sanya*, 774 F.3d 812, 815-16 (4th Cir. 2014).

Prior to accepting a guilty plea, the district court, through a colloquy with the defendant, must inform the defendant of, and determine that the defendant understands, the

charge to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces upon conviction, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The district court also must ensure that the defendant's plea was voluntary, was supported by a sufficient factual basis, and did not result from force or threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2), (3). In reviewing the adequacy of compliance with Rule 11, this court "accord[s] deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." *United States v. Moussaoui*, 591 F.3d 263, 295 (4th Cir. 2010) (internal quotation marks omitted). We have reviewed the Rule 11 colloquy and, discerning no plain error, we conclude that Stanback's guilty plea was valid.

We review Stanback's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). In conducting this review, we must first ensure that the district court did not commit any "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* at 51. When imposing a sentence, the district court must make an individualized assessment based on the facts presented, state in open court the reasons supporting its chosen sentence, and address the parties' nonfrivolous arguments in favor of a particular sentence and, if it rejects them, explain why in a manner allowing for meaningful appellate review. *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). If a sentence is free of "significant procedural error," we then review it for substantive reasonableness,

3

"tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. "Any sentence that is within or below a properly calculated [Sentencing] Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Having reviewed the record, we discern no procedural error. Moreover, because Stanback was sentenced to the mandatory minimum custodial sentence required by § 924(c)(1)(A)(iii), we find that he fails to rebut the presumption of reasonableness afforded to his within Guidelines sentence. *Louthian*, 756 F.3d at 306; *see* U.S. Sentencing Guidelines Manual § 2K2.4(b) (2018) (providing that Guidelines sentence for defendant convicted under § 924(c) "is the minimum term of imprisonment required by statute").

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Stanback, in writing, of the right to petition the Supreme Court of the United States for further review. If Stanback requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Stanback.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4